IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN MICHAU, individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 16 CV 3863 |
| v. | )<br>) |
| MATTERSIGHT CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COMES, Plaintiff, KEVIN MICHAU ("MICHAU"), individually and on behalf of those similarly situated, by and through his attorneys, Donald S. Rothschild and Brian M. Dougherty of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and for his Complaint against Defendant, MATTERSIGHT CORPORATION ("MATTERSIGHT"), states as follows:

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL").

2. Federal question jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the Davis Bacon Act, 40 U.S.C. §276a, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. § 1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship MICHAU performed work in this district, MATTERSIGHT is a resident of this district and MATTERSIGHT is engaged in business in this district.

3. Defendant MATTERSIGHT, an Illinois corporation, provides software-as-a-

service using predictive customer analytics, speech analytics, and behavioral analytics technologies to analyze and improve contact center performance and agent interactions.

4. Plaintiff MICHAU is an employee who worked for MATTERSIGHT. As an employee performing duties for an enterprise engaged in commerce, MICHAU was engaged in commerce as defined by the FLSA.

5. MICHAU worked for MATTERSIGHT from May 2, 2005 through March 16, 2016 as an Application Engineer, providing provided troubleshooting services for MATTERSIGHT'S clients. MICHAU worked more than 40 hours per week approximately 8.6 weeks per year when he was "on-call" for MATTERSIGHT. MICHAU was not paid one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

6. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for MATTERSIGHT as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

8. The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by MATTERSIGHT and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938
### OVERTIME COMPENSATION

9. Paragraphs 1 through 8 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count I. MICHAU brings Count I as a collective action under 29 U.S.C. § 216(b).

10. Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, MICHAU and all other Plaintiffs similarly situated, known and unknown, as described above, were entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

11. MATTERSIGHT has at all times relevant hereto failed and refused to pay compensation to MICHAU as described above.

12. In denying MICHAU compensation as described above, MATTERSIGHT'S acts were not based upon good faith or reasonable grounds.

13. MICHAU and all other Plaintiffs similarly situated, known and unknown, as described above are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, KEVIN MICHAU, individually and on behalf of those similarly situated, respectfully requests that this Court enter judgment in his favor and against Defendant MATTERSIGHT CORPORATION, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
## OVERTIME COMPENSATION

14. Paragraphs 1 through 13 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of this Count II. MICHAU brings Count II as an individual action under the IMWL.

15. As described in the foregoing paragraphs, MATTERSIGHT'S compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

16. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

17. MATTERSIGHT'S failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, KEVIN MICHAU, individually and on behalf of those similarly situated respectfully requests that this Court enter judgment in his favor and against Defendant MATTERSIGHT CORPORATION, for unpaid overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

KEVIN MICHAU,

By: /s/ Donald S. Rothschild
      One of His Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

5

## Consent to Be Plaintiff

Pursuant to 29 U.S.C. § 216(b), I, KEVIN MICHAU, hereby consent to be a party plaintiff in the captioned action, and authorize my attorneys to pursue an individual action and a class and/or collection action on behalf of those similarly situated based on the claims set forth herein.

Dated: 3/23, 2016

Kevin Michau